UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRISTOPHER JAMES LEE, )
)
      Movant, )
)
vs. ) No. 4:10CV578 HEA
)
UNITED STATES OF AMERICA, )
)
      Respondent. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion to vacate. For the reasons set forth below, the Motion is denied without a hearing.

### Movant's Claims

Movant makes the following claims:

**Ground One**: The District Court failed to provide adequate reasons for its decision to impose consecutive Section 1028A sentences. Also, that the Court incorrectly calculated the restitution amount.

**Ground Two:** Trial counsel was ineffective; Plea Agreement is void; Restitution order miscalculation; Number of Victims was miscalculated; Actions did not meet statutory definition of offenses charged; Criminal History Score miscalculated;

Sentence was unreasonable based upon USSG Policy Statements.

## Facts and Background

On February 23, 2006, Movant was indicted by a federal grand jury which charged Movant with 25 counts of bank fraud in violation of 18 U.S.C. § 371and 11 counts aggravated identity theft, in violation of  18 U.S.C. § 1028A.  Movant plead guilty, pursuant to a written plea agreement on June 12, 2006.  The government dismissed 20 of the bank fraud counts and 6 of the aggravated identity theft counts in exchange for Movant's plea to 5 counts of bank fraud and 5 counts of aggravated identity theft.  The probation office prepared a presentence investigation report (PSR) to which Movant filed objections.

The Court sentenced Movant to 118 months incarceration, five years supervised release, and restitution in the amount of $58,217.85.  Movant filed his notice of appeal on November 20, 2007.  On October 29, 2008, the Court of Appeals for the Eighth Circuit affirmed the Court's sentence.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an

evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also

establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he

was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**

Movant argues that the Court failed to provide adequate reasons for its decision to impose consecutive Section 1028A sentences. Movant also argues that the Court incorrectly calculated the restitution amount.

The United States Appellate Court for the Eighth Circuit addressed this ground in its Opinion of October 29, 2008.  The Appellate Court found that this Court did not abuse its discretion in running several of Movant's counts consecutively to each other.  Moreover, Movant waived all of his rights to appeal non-jurisdictional issues and the right to appeal his sentence, directly or collaterally on any other ground.   Ground One is without merit, pursuant to Movant's plea agreement.

**Ground Two**

Movant argues that trial counsel was ineffective; Plea Agreement is void; Restitution order miscalculation; Number of Victims was miscalculated; Actions did not meet statutory definition of offenses charged; Criminal History Score miscalculated; Sentence was unreasonable based upon USSG Policy Statements.

Movant presents vague and conclusory arguments in support of his motion. He argues that counsel was ineffective because he has subsequently learned that several things were askew in his plea agreement that were the product of bullying by the government and failure of his trial counsel to explain these matters to him. However, the record before the Court belies Movant's position.  Throughout the course of the proceedings, Movant acknowledged that he committed the crimes charged, he admitted that he entered into the plea voluntarily and was not forced

or coerced to do so. Movant admits that he reviewed the government's evidence and that he discussed the case and all possible defenses and witnesses with his counsel. Indeed, counsel's affidavit reaffirms the sworn statements made by Movant to the Court and the acknowlegements Movant made in the Plea Agreement.

The record before the Court, including counsel's affidavit establish that Movant's plea was well advised, it was not the result of "bullying" by the government and was a fully informed, voluntary agreement entered into by Movant. Movant has failed to establish that counsel's representation fell below an objective standard of reasonableness.

## Conclusion

Based upon the foregoing analysis, Movant's claims of unreasonable sentence and ineffective assistance of counsel fail to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the

issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 10th day of December, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE